Roy COMMER, Plaintiff–Appellant,

v.

The AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, Defendant–Appellee.

No. 03–7971.

United States Court of Appeals, Second Circuit.

April 30, 2004.

Roy Commer, Staten Island, NY, for Appellant, pro se.

Barry I. Levy, New York, NY, for Appellee.

Present: SACK, RAGGI, Circuit Judges, and David G. TRAGER, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff–Appellant Roy Commer appeals from the July 25, 2003, judgment of

---

* Of the United States District Court for the Eastern District of New York, sitting by desig-

the United States District Court for the Southern District of New York (1) denying his motion to amend his complaint to assert claims under section 1964 of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and section 464 of the Labor Management Reporting and Disclosure Act ("LMRDA"), (2) awarding attorney's fees to Defendant–Appellee American Federation of State, County and Municipal Employees ("AFSCME") for its defense of Commer's motion for leave to amend his complaint to assert a cause of action under section 464 of the LMRDA as a sanction under Federal Rule of Civil Procedure 11, and (3) denying Commer leave to replead his complaint.

This lawsuit is one of several actions brought by Commer, a former member of AFSCME and former president of Local 375, challenging an alleged pattern of financial wrongdoing and voter fraud on the part of District Council 37 ("DC 37"), an intermediate labor organization representing 56 affiliated local unions in the New York metropolitan area, including Local 375, and the subsequent placement of DC 37 under an administratorship, pursuant to the AFSCME constitution.

In this action, Commer sought reinstatement as president of Local 375, alleging a violation of section 101 of the LMRDA, and dissolution of the administratorship of DC 37, under sections 462 and 464 of the LMRDA. The district court granted summary judgment to AFSCME and dismissed Commer's complaint, finding the section 101 claim barred by collateral estoppel and res judicata and the claims under sections 462 and 464 of the LMRDA moot because new officers of DC 37 had been elected and the administratorship had been lifted. The court, however,

nation.

granted Commer's motion for leave to move to amend his complaint. Commer attached a proposed amended complaint to his motion to amend in which he reasserted his claims under sections 101 and 464 of the LMRDA and raised an additional claim under section 501 of the LMRDA. The court denied leave to amend the complaint to assert a cause of action under section 501 and dismissed the remaining claims under the LMRDA. The court again granted leave to move to amend the complaint and instructed Commer that any attempt to reassert his claims under sections 101 and 464 of the LMRDA based on the same facts would result in sanctions. Despite the court's warning, Commer attached a proposed amended complaint to his subsequent motion for leave to amend the complaint repleading the same section 464 claim. He also included a new claim under section 1964 of RICO. The court subsequently entered the order from which Commer now appeals.

We review the denial of a motion for leave to amend a complaint, the imposition of Rule 11 sanctions, and the denial of leave to replead for abuse of discretion. *See Nettis v. Levitt,* 241 F.3d 186, 192 (2d Cir.2001); *Corroon v. Reeve,* 258 F.3d 86, 92 (2d Cir.2001); *Chill v. General Electric Co.,* 101 F.3d 263, 271 (2d Cir.1996). We affirm the denial of Commer's motion for leave to amend his complaint to assert a RICO claim. The district court properly held that Commer lacked standing to assert a claim under RICO because he did not assert that AFSCME engaged in any acts of racketeering or other acts unlawful under the statute. *See Beck v. Prupis,* 529 U.S. 494, 507, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000). Furthermore, our review of the record reveals that Commer did not make any new assertion of fact that the district court had not previously reviewed in relation to his section 464 claim. Additionally, in light of the court's explicit warning to Commer in its previous order, we conclude that the district court did not abuse its discretion in denying leave to replead and granting attorney's fees to AFSCME as a sanction under Rule 11.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.